7/22/2015 9:30:05 AM
Chris Daniel - District Clerk Harris County
Envelope No. 6168980
By: Krystal Franklin
Filed: 7/22/2015 9:30:05 AM

CAUSE NO._____

| | | |
|---|---|---|
| Kimmieko Jiles | § | **IN THE DISTRICT COURT OF** |
| | § | |
| | § | |
| VS. | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| German Zenteno and | § | |
| Celadon Trucking Services, Inc. | § | _____ **JUDICIAL DISTRICT** |

## PLAINTIFF(S) ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

Kimmieko Jiles files this Plaintiff(s) Original Petition complaining of Defendant, German Zenteno and Celadon Trucking Services, Inc. and respectfully shows as follows:

### I.
### DISCOVERY PLAN LEVEL 2

Plaintiff(s) request that this lawsuit be governed by Discovery Plan Level 2 pursuant to Rule 190.2 of the Texas Rules of Civil Procedure.

### II.
### CLAIMS FOR RELIEF

Pursuant to Rule 47 C (3) in the Texas Rules of Civil Procedure, this lawsuit is for monetary relief over $100,000 but not more than $200,000.

### III.
### PARTIES

Plaintiff(s) Kimmieko Jiles is an individual and resident of Harris County, Texas.

Defendant German Zenteno is an individual resident of Amaxac De Guerrero. He may be served with citation at his usual place of residence at Privada Santa Lucia, #11, Tlaxcala, MX 90620 or wherever he may be found.

Defendant Celadon Trucking Services, Inc., is a corporation doing business in Houston, Harris County, Texas. This Defendant may be served with due process herein by serving its registered agent for service, National Corporate Research, Ltd., 800 Brazos, Suite 400, Austin, Texas 78701.

<div style="text-align: left; transform: rotate(90deg);">
2015-42152 / Court: 127
</div>



## IV.
## JURISDICTION OF VENUE

This court has jurisdiction over this case and the damages sought are within the jurisdictional limits of this court. Venue is proper in Harris County, Texas, because the accident made the basis of this lawsuit occurred in Harris County at the time the cause of action accrued.

## V.
## FACTUAL BACKGROUND

This is a suit for negligence. On or about December 20, 2014, Plaintiff, Kimmieko Jiles was driving a 2005 Kia Rio traveling on southbound on South Loop East in Harris County, Texas. Defendant German Zenteno was driving 2012 International TT owned by Defendant Celadon Trucking Service, Inc. also traveling southbound on South Loop East made an unsafe lane change, causing the collision. As a result of the collision, Plaintiff sustained serious personal bodily injuries.

## VI.
## CAUSES OF ACTION

Defendant Celadon Trucking Services, Inc.. is liable for the actions of its employee, German Zenteno, who was acting in the course and scope of his employment in furtherance of the business interests of Celadon Trucking Services, Inc. On the occasion in question, Mr. Zenteno, operated a commercial vehicle in a negligent manner, in that he violated the duty which he owed the Plaintiff to exercise ordinary care in the operation of the motor vehicle in one or more of the following particulars:

1.      Driving without paying enough attention.

2       Failing in making a unsafe lane change.

3.      Failing to timely apply the brakes to avoid collision with Plaintiff.

4.      In any combination of two or more of the above.


Additionally, and without waiving the foregoing, Defendant, Celadon Trucking Services, Inc. was negligent in hiring German Zenteno, and it was negligent in entrusting its vehicle to Defendant, German Zenteno when they knew, or should have known, he was a reckless and/or irresponsible driver.

## VII
## DAMAGES

Because of her bodily injuries proximately caused by Defendant's negligence, Plaintiff(s) Kimmieko Jiles is entitled to reasonable and proper compensation for the following legal damages:

    a.    past and future medical expenses;

    b.    past and future physical pain and mental anguish;

    c.    past and future physical impairment; and

    d.    past lost wages and future lost wage-earning capacity.

## VIII
## REQUEST FOR DISCLOSURES

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendants are requested to disclose the information and material described in Rule 194.2 within fifty (50) days of the service of this Plaintiff(s) Request for Disclosure to Defendants. In addition, under Rule 190.2(b)(6), Defendants are requested to produce all documents, electronic information and tangible items that the Defendants has in their possession, custody or control and may use to support its claims or defenses.

## IX.
## PRAYER

Plaintiff(s) prays that she has judgment against Defendants, for actual damages shown and proven at a trial, for prejudgment and post judgment interest, for cost of court and for all other relief, legal and equitable, to which she is entitled.

Respectfully submitted,

DeSimone Law Office

By: _____

Donald G. DeSimone
SBN: 05776710
3120 Southwest Freeway
Suite 555
Houston, Texas 77098
Email: ddesimone@desimonelawoffice.com
Phone# (713) 526-0900
Fax#    (713) 526-8041
**Attorney for Plaintiff(s)**



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   August 26, 2015

Certified Document Number:        66322146 Total Pages:  3

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

Cause No. _____

| Kimmieko Jiles | § | IN THE DISTRICT COURT OF |
| | § | |
| -VS- | § | HARRIS COUNTY, TEXAS |
| | § | |
| German Zenteno and | § | |
| Celadon Trucking Services, Inc. | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF(S) FIRST REQUEST FOR PRODUCTION
## TO DEFENDANT, GERMAN ZENTENO

TO:   Defendant, **German Zenteno** at Privada Santa Lucia, #11, Tlaxcala, MX 90620 or wherever he may be found.

COMES NOW, **Kimmieko Jiles**, Plaintiffs in the above-styled and numbered cause and pursuant to the Texas Rules of Civil Procedure, propounds this his First Request for Production to Defendant, **German Zenteno**, and hereby requests that the following documents and/or tangible things be produced for inspection and copying at the office of **DeSIMONE LAW OFFICE**, 3120 Southwest Freeway, Suite 555, Houston, Texas 77098, fifty (50) days after service of this request.

7/22/2015 9:30:00 AM
Chris Daniel - District Clerk
Harris County
Envelope No: 6168980
By: FRANKLIN, KRYSTAL G
Filed: 7/22/2015 9:30:00 AM

Respectfully submitted,

DeSIMONE LAW OFFICE

_____
Donald G. DeSimone
TBN: 05776710
3120 Southwest Freeway, Suite 555
Houston, Texas 77098
(713) 526-0900
(713) 526-8041 (Facsimile)
**Attorney to Plaintiff**

1

## REQUESTS FOR PRODUCTION

1. Any police report or other report of investigation of any governmental agency or private organization relating to the occurrence in question.

2. Any documents, reports, or other written records pertaining or any investigation pertaining the incident made the basis of this lawsuit that is not privileged at law.

3. Copies of any and all statements previously made by Plaintiff concerning the subject matter of this lawsuit, including any written statement signed or otherwise adopted or approved by the Plaintiff hereto and any stenographic, mechanical, electrical, or other type of recording or any transcription thereof made by Plaintiff hereto and contemporaneously recorded.

4. Any written or recorded statements of the Plaintiff or Plaintiff's representatives regarding the occurrence in question or the damages resulting therefrom.

5. Any and all settlement agreements, wherein you have arrived at a settlement or agreement between you and any other person (whether a party to this lawsuit), regarding or pertaining to the incident made the basis of this lawsuit or any damages resulting therefrom.

6. A copy of any surveillance movies or photographs that have been made of Plaintiff.

7. Any and all books, documents, photographs or other tangible things that may be used at the time of trial, which may have a bearing on this cause of action.

8. Any documents, photographs, or other physical evidence that will be used or offered at trial.

9. Copies of any document or statement that any witness of Defendant will use or you anticipate may use to refresh his or her memory, either for deposition or trial.

10. Any and all documents and tangible things whose production has not been requested pursuant to any other item of this request that you intend to offer into evidence at the trial of this case.

Certified Document Number: 66322147 - Page 2 of 3

11.     Any and all documents and tangible things whose production has not been
        requested pursuant to any other item or this request that you do not intend to
        offer into evidence at the trial of this case but my be used as demonstrative
        evidence at trial.

12.     Copy of Defendant's Driver's License front and back.

13.     Any damage appraisal of all vehicles involved in the accident made the basis of
        this lawsuit.

14.     Please produce all personal diaries, calendars, journals, logs, photos, cards,
        letters, albums or similar materials you may have kept relating to the "incident
        made the basis of this lawsuit" of your injuries/damages.

Certified Document Number: 66322147 - Page 3 of 3



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   August 26, 2015

Certified Document Number:        66322147 Total Pages:  3

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com

Cause No. _____

| | | |
|---|---|---|
| Kimmieko Jiles | § | IN THE DISTRICT COURT OF |
| | § | |
| -VS- | § | HARRIS COUNTY, TEXAS |
| | § | |
| German Zenteno and | § | |
| Celadon Trucking Services, Inc. | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S INTERROGATORIES TO DEFENDANT, GERMAN ZENTENO

TO:  Defendant, **German Zenteno** at Privada Santa Lucia, #11, Tlaxcala, MX 90620 or wherever he may be found.

COMES NOW, **Kimmieko Jiles**, Plaintiff in the above entitled and number cause, and propounds the attached set of interrogatories to the Defendant, **German Zenteno** and require that within fifty (50) days after service of these interrogatories upon Defendant, that such Defendant answer the same under oath, all as provided for under Rule 168 of the Texas Rules of Civil Procedure, to supplement these answers if you later obtained information upon which:

    a.     You or your attorney know your answer to one or more of the attached interrogatories was incorrect or incomplete when made or,

    b.     You or your attorney knows that your answer to one or more of the attached interrogatories is no longer true and complete, and the circumstances are such that a failure to amend is in substance misleading.

Your responses to these Interrogatories, as supplemented, may be offered into evidence at the trial of the above-styled and numbered cause.

In answering the following interrogatories, furnish such information as is available to you, your agents, your representatives, and unless privileged, your attorney, and not merely such material as is in your own personal possession. Should you deem any question privileged or otherwise excludible from discovery, then in addition to the information requested below, you are requested to state in detail the grounds on which the claim of privilege or other exclusion rests.

7/22/2015 9:30:00 AM
Chris Daniel - District Clerk
Harris County
Envelope No: 6168980
By: FRANKLIN, KRYSTAL G
Filed: 7/22/2015 9:30:00 AM

## DEFINITIONS

As used in this set of Interrogatories, the following terms shall have the meanings described below, unless the context clearly indicates otherwise:

1.   "You" includes your agents, employees, insurance company, their agents, employees, your attorneys, investigators, and anyone less action on your or their behalf.

2.   "Anyone acting on your behalf includes your agents, employees, insurance companies, their agents, employees, your attorneys, investigators and consultants.

3.   "Persons" includes a natural persons, corporation, association, partnership, sole proprietorship or public entity.

4.   "Custodian" refers to the person having possession, custody, or control of any writing or physical evidence.

5.   "Writing" means any and all handwritten material, typewritten material, printed material, photocopies, photographs, and every other means of recording upon any tangible thing, together with any form of communication or any other representation which would constitute a writing within the meaning of the Texas Rules of Evidence.

6.   "Set forth and identification" or "identify" means to describe in writing with such particularity as you would require in a Motion to Produce or in a document description in a subpoena duces tecum.

7.   "This accident" or "this subject incident" or "the accident made the basis of this lawsuit" refers to the accident or the incident described in the complaint filed by Plaintiff unless the sentence indicates otherwise.

8.  "Your vehicle" or "this vehicle" refers to the vehicle of which you were the driver, owner, or occupant, that was involved in the accident or incident described in the complaint filed by Plaintiff.

9.  "Accident scene" or "accident site" refers to the geographic location where the accident or incident described in Plaintiff's complaint occurred.

10. "Or" means and/or.

Respectfully submitted,

DeSimone Law Office

DONALD G. DeSIMONE
SBN 05776710
3120 S.W. Freeway, Suite 555
Houston, Texas 77098
(713)526-0900
(713)526-8041 – facsimile
**Attorney for Plaintiff**

## INTERROGATORIES

1. Please state the information of any and all drivers involved in this motor vehicle accident including their full names, residential address, phone numbers, date and place of birth, social security number, and Texas driver's license number.

ANSWER:

2. Pursuant to Rule 192.3(d) of the Texas Rules of Civil Procedure, please state the name, address and telephone number of each person who is expected to be called to testify at trial.

ANSWER:

3. If you were charged by any law enforcement authorities with the violation of any traffic regulations, as a result of the operation of your vehicle at the time of the accident in question, or just prior to the accident, state with regard to each such violation:

   a. the charge;

   b. the plea that you entered; and

   c. the disposition of the charge.

ANSWER:

4. Have you ever been cited for any moving traffic violation in the past five years? If your answer is "yes", please state the date, nature, disposition (e.g. dismissal, conviction, plea or deferred adjudication) and date of disposition for each such citation.

ANSWER:

5. Give an account of how the accident occurred, including the events leading up to the accident, your activities just prior to the accident, the street and lane in which you were riding or driving, the type of traffic controls in the area, the posted speed limit and the positions of all vehicles involved in the accident.

ANSWER:

6. Were there any obstructions to visibility for any of the operators of the vehicles involved in this collision at the time of or immediately before the collision in question which you contend was a factor or contributed to cause the collision in question?

**ANSWER:**

7. If the defendant contends that the plaintiff was negligent in connection with the occurrence of the accident, state the nature and extent of the plaintiff's negligence.

**ANSWER:**

8. If the defendant contends that the plaintiff's injuries were sustained as a result of any accident or injury that occurred either before or after the accident in question, set forth the facts, witnesses and documentation on which the defendant intends to rely in proving any such connection.

**ANSWER:**

9. Do you contend that Plaintiff has done anything or failed to do anything that constitutes a failure to mitigate damages? If your answer is "yes", please state all facts supporting such contention.

**ANSWER:**

10. State whether or not you have been convicted of a crime involving moral turpitude or a felony within ten (10) years of the date these answers are filed, and if so, please state the date, location and circumstances surrounding each conviction, the nature of the charge, and the ultimate disposition of the case.

**ANSWER:**

11. State whether or not you were acting within the course and scope of any agency, employment, or service at the time of the collision, and name the persons or entities involved and describe the type of relationship between the persons or entities involved and yourself.

**ANSWER:**

12. State in detail what intoxicating beverages, if any, you had consumed and what drugs or medications, if any, you had taken during the twenty-four (24) hour period immediately preceding the collision.

**ANSWER:**

13. Describe in detail what damage, if any, was done to your vehicle in the collision, and give the cost of repair to your vehicle.

ANSWER:

14. Describe in detail what injuries, if any, you received in the collision.

ANSWER:

15. Describe in detail any conversations you have had with the plaintiff or plaintiff's representative following the collision in question.

ANSWER:

## VERIFICATION

| | |
|---|---|
| **THE STATE OF TEXAS** | § |
| | § |
| **COUNTY OF HARRIS** | § |

 

BEFORE ME, the undersigned authority on this day personally appeared **German Zenteno**, known to me to be the person whose name is subscribed to the foregoing Answers to Interrogatories and after having been duly sworn, stated under oath that he is the Defendant in the above captioned case, that he has read the foregoing Answers to Interrogatories and that they are true and correct.

 

_____
**German Zenteno**

SWORN TO AND SUBSCRIBED before me by the said **German Zenteno** on this the _____ day of _____, 2015.

 

_____
Notary Public in and for the State of Texas



I, Chris Daniel, District Clerk of Harris ▦
County, Texas certify that this is a true and ▦
correct copy of the original record filed and or ▦
recorded in my office, electronically or hard ▦
copy, as it appears on this date. ▦
Witness my official hand and seal of office
this   August 26, 2015

Certified Document Number:        66322148 Total Pages:  7

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated**▦
**documents are valid. If there is a question regarding the validity of this document and or seal**▦
**please e-mail support@hcdistrictclerk.com**

CAUSE NO._____

| | | |
|---|---|---|
| Kimmieko Jiles | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| German Zenteno and | § | |
| Celadon Trucking Services, Inc. | § | _____ JUDICIAL DISTRICT |

7/22/2015 9:30:00 AM
Chris Daniel - District Clerk
Harris County
Envelope No: 6168980
By: FRANKLIN, KRYSTAL G
Filed: 7/22/2015 9:30:00 AM

### PLAINTIFFS' REQUEST FOR PRODUCTION TO
### DEFENDANT, CELADON TRUCKING SERVICES, INC.

TO:   Defendant, **Celadon Trucking Services, Inc. and** may be served with due process herein by serving its registered agent for service, National Corporate Research, Ltd., 800 Brazos, Suite 400, Austin, Texas 78701.

COMES NOW, **Kimmieko Jiles**, Plaintiff in the above entitled and number cause, and

propounds the attached request for production to the Defendant, Celadon Trucking Services, Inc., and

require that within thirty (30) days after service of these interrogatories upon Defendant, that such

Defendant answer the same under oath, all as provided for under Rule 168 of the Texas Rules of Civil

Procedure, to supplement these responses if you later obtained information upon which:

a.   You or your attorney know your response to one or more of the attached production

was incorrect or incomplete when made or,

b.   You or your attorney knows that your answer to one or more of the attached production

is no longer true and complete, and the circumstances are such that a failure to amend is

in substance misleading.

Your responses to these productions, as supplemented, may be offered into evidence at the trial

of the above-styled and numbered cause.

In answering the following production, furnish such information as is available to you, your

agents, your representatives, and unless privileged, your attorney, and not merely such material as is in

your own personal possession.  Should you deem any question privileged or otherwise excludible

from discovery, then in addition to the information requested below, you are requested to state in detail the grounds on which the claim of privilege or other exclusion rests.

**DEFINITIONS**

As used in this set of production, the following terms shall have the meanings described below, unless the context clearly indicates otherwise:

1.  "You" includes your agents, employees, insurance company, their agents, employees, your attorneys, investigators, and anyone less action on your or their behalf.

2.  "Anyone acting on your behalf includes your agents, employees, insurance companies, their agents, employees, your attorneys, investigators and consultants.

3.  "Persons" includes a natural persons, corporation, association, partnership, sole proprietorship or public entity.

4.  "Custodian" refers to the person having possession, custody, or control of any writing or physical evidence.

5.  "Writing" means any and all handwritten material, typewritten material, printed material, photocopies, photographs, and every other means of recording upon any tangible thing, together with any form of communication or any other representation which would constitute a writing within the meaning of the Texas Rules of Evidence.

6.  "Set forth and identification" or "identify" means to describe in writing with such particularity as you would require in a Motion to Produce or in a document description in a subpoena duces tecum.

7.  "This accident" or "this subject incident" or "the accident made the basis of this lawsuit" refers to the accident or the incident described in the complaint filed by Plaintiff unless the sentence indicates otherwise.

8.    "Your vehicle" or "this vehicle" refers to the vehicle of which you were the driver, owner, or occupant, that was involved in the accident or incident described in the complaint filed by Plaintiff.

9.    "Accident scene" or "accident site" refers to the geographic location where the accident or incident described in Plaintiff's complaint occurred.

10.    "Or" means and/or.

Respectfully submitted,

DeSimone Law Office

DONALD G. DeSIMONE
SBN 05776710
3120 S.W. Freeway, Suite 555
Houston, Texas 77098
(713)526-0900
(713)526-8041 – facsimile
**Attorney for Plaintiff(s)**

## DEFINITIONS AND REQUEST FOR PRODUCTION

**1.** As used herein, the terms "you" **and "your"** shall mean **Celadon Trucking Services, Inc.** , Defendant, its departments, agencies, and subdivisions, its employees, drivers, independent contractors, owner/operators, trip lessors and its' attorneys, investigators, brokers, agents, or any other representatives.

**2.** As used herein, the term **"documents"** shall mean all writings of every kind, source and authorship, both originals and all non identical copies thereof, in your possession, custody, or control, or known by you to exist, irrespective of whether the writing in one intended for or transmitted internally by you, or intended for or transmitted to any other person or entity, including without limitation any government agency, department, administrative, or private entity or person. The term shall include handwritten, typewritten, printed, photocopied, photographic, or recorded matter. It shall include communications in words, symbols, pictures, sound recordings, films, tapes, and information stored in, or accessible through, computer or other information storage or retrieval systems, together with the codes and/or programming instructions and other materials necessary to understand and use such systems. For purposes of illustration and not limitation, the term shall include: affidavits; agendas; agreements; analyses; announcements; bills, statements, and other records of obligations and expenditures; books; brochures; bulletins; calendars; canceled checks, vouchers, receipts and other records of payments; charts, drawings; check registers; checkbooks; circulars; collateral files and contents; contracts; corporate bylaws; corporate charters; correspondence; credit files and contents; deeds of trust; deposit slips; diaries, drafts; files; guaranty agreements; instructions; invoices; ledgers, journals, balance sheets, profit and loss statements, and other sources of financial data; letters; logs, notes, or memoranda of telephonic or face-to-face conversations; manuals; memoranda of all kinds, to and from any persons, agencies, or entities; minutes; minute books; notes; notices; parts lists; papers; press releases; printed matter (including books, articles, speeches, and newspaper clippings); purchase orders; records; records of administrative, technical, and financial actions taken or recommended; reports; safety deposit boxes and contents and records of entry; schedules; security agreements; specifications; statement of bank accounts; statements, interviews; stock transfer ledger; technical and engineering reports, evaluations, advice, recommendations, commentaries, conclusions, studies, test plans, manuals, procedures, data, reports, results, and conclusions; summaries, notes, and other records and recordings of any conferences, meetings, visits, statements, interviews or telephone conversations; telegrams; teletypes and other communications sent or received; transcripts of testimony; UCC instruments; work papers; and all other writings, the contents of which relate to, discuss, consider, or otherwise refer to the subject matter of the particular discovery requested.

A document is deemed to be in your possession, custody or control if you have either actual physical possession of a document or constructive possession of the document Constructive possession means that you have a superior right to compel the production of such document or a copy thereof from a third party having actual physical possession of the document.

3. **"Person" or "persons"** means any natural persons, firms, partnerships, associations, joint ventures, corporations and any other form of business organization or arrangement, as well as government or quasi-governmental agencies. If other than a natural person, include all natural persons associated with such entity.

4. **Accident:** Unless otherwise defined in a specific request, the term "Accident", as used herein, means the accident forming the basis for this suit.

5. **Accident Files and Records:** The term **"Accident Files and Records"**, as used herein, is intended to have broad reference to all forms of recorded information, including writings and recordings as defined in Rule 1001, Rules of Evidence, and includes written or recorded statements, reports, memorandums, correspondence, maps, diagrams, pictures, blueprints, plats, and other related objects and documents, letters to or from or records and reports required from the Defendant by other organizations, state and/or Federal governmental agencies.

6. **Co-Driver:** As used herein **"Co-Driver"** means any person(s) driving or riding with Jose Garcia from time to time in over-the-road motor carrier equipment, owned or operated by the Defendant, and from time to time working for or with Jose Garcia in the capacity of a co-driver and/or driver trainer.

7. **Driver:** As used herein, the term **"Driver or Drivers"** means any person employed, or contracted for or with, by Defendant, including persons known as co-drivers, independent contractors, owner operators or trip lessors and includes persons furnished to the Defendant and drivers by any other person or organization who perform driving services for or on behalf of Texas Construction Company.

8. **Driver's Qualification File:** As used herein, the term **"Driver's Qualification File"**, means those records specifically required by the FMCSR Part 382, 383 and 391 (see Definitions "15" and "16") to be created and maintained by Texas Construction Company, on any driver who performs services or work for or on behalf of Texas Construction Company, For your convenience, a basic description and definition of the documents requested is shown in sub-definitions "F-1 through F- 13", found in request number 2 herein, which are incorporated in this definition by reference. The definition does not include those documents defined in Definition "G" or other definitions found herein.

9. **Driver's Personnel File:** The term **"Driver's Personnel File"**, as used herein, means any and all files, records, communications or documents created by a driver, Texas Construction Company, or any other person or organization that contains documents directed to, received from or about a driver (see Definition "E"). For your convenience, a basic description and definition of the documents required are shown in sub-definitions "G-1 through G-5" found in request number 4 herein, which are incorporated in this definition by reference. This definition does not include those documents found in Definition "F" or other definitions herein.

**10. Trip-Operational Documents:** The term "Trip", as used herein, is defined as the transportation and/or movement of one load of cargo, regardless of load size or type, from its origin(s) to final destination(s) and includes the travel empty or unloaded from that destination point to the next point or location of loading, end of trip or new trip origin. The meaning of the term **"Operational Documents"**, as used herein, is clearly defined in sub-definitions "H-1 through f1-7" found in request number "1" herein for your convenience, which are incorporated in this definition by reference and are applicable to the records generated for each trip made by Jose Garcia during the time period requested.

**11. Tractor:** The term "Tractor", as used herein, unless otherwise defined in a specific request herein, means the over-the-road vehicular power unit being operated by Jose Garcia at the time the accident occurred.

**12. Trailer:** The term **"Trailer"**, as used herein, unless otherwise defined in a specific request herein, means any Trailer that may have been attached to the power unit being operated by Jose Garcia on the date of the accident.

**13. Hours of Service Records:** As used herein, the term **"Hours of Service Records"**, means any and all documents created in reference to the FMCSR Part 395 (see definitions "15" and "16"), including, but not limited to, driver's record of duty status or driver's daily logs, time worked cards or other time work records or summaries, Texas Construction Company, administrative driver's record of duty status or log audits and/or 70/60-hour log audits or summaries along with any records or reports of violations or, any otherwise described documents advising Defendant of hours of service violations. This specifically includes all advice, reprimands or warnings given or sent to Jose Garcia or any of his co-driver(s) for violations of the FMCSR Part 395 (see definitions "15" and "16"), "Hours of Service of Drivers" Regulations created by or on behalf of Texas Construction Company.

**14. Maintenance Files and Records:** As used herein, the term **"Maintenance Files and Records"**, means those documents required to be created and/or maintained by Texas Construction Company, in accordance with the FMCSR Part 396 (see Definitions "15" and "16"), "Inspection, Repair and Maintenance." This includes, but is not limited to, all driver's Tractor and Trailer daily condition reports, all systematic and annual inspections, work or repair orders, list of add-ons and/or take-offs of equipment parts and accessories, accounting records, bills, or notes of repairs or maintenance and all summary type maintenance documents prepared by Defendant or other agencies or organizations, inclusive of any summary or computer generated type systematic lubrication, inspection and maintenance records and documents in the possession of Defendant on the Tractor or Trailer as defined in Definitions "11" and "12" herein. This definition specifically includes any and all driver daily condition reports created by any driver and maintenance files and records maintained by and in the possession of any other person or organization performing maintenance services for or on behalf of Defendant.

**15. CFR, Title 49, Parts 382 through 397:** As used herein, **"CFR Title 49"** means the "Code of Federal Regulations", Title 49-Transportation, U.S. Department of Transportation, Chapter 3, Federal Highway Administration, Subchapter B- Parts 382 through 397 titled the "Federal Motor Carriers Safety Regulations" in effect on the date of the accident in question, hereinafter referred to *as* "FMCSR, Parts 382, 383, 385, 387, 391, 392, 393, 395, 396, or 397."

**15.** **FMCSR:** As used herein, **"FMCSR'** means the "Federal Motor Carrier Safety Regulations" as defined in Definition — herein.

**16.** **FOMCHS:** As used herein, **"FOMCHS"** means the Federal Governmental Entity within the Federal Department of Transportation known as the "Federal Office of Motor Carrier and Highway Safety, Field Operations," which is the federal agency having jurisdiction and field enforcement responsibilities for the FMCSR as defined in Definition "15" and "16" herein.

**17.** **TXMCSR:** As used herein, "TXMCSR" means the "State of Texas Motor Carrier Safety Regulations" as adopted by the Texas Department of Public Safety in effect on the date of the accident. These rules are basically the same as the Federal Motor Carrier Safety Regulation as defined in Definitions "15",, "16" and "17", herein and are applicable to motor carriers within the state of Texas.

**18.** **Complete and Clearly Readable Copies:** As used herein, the terms
**"Complete and clearly readable copies"** means copies that are not reduced in size, unless the document being copied exceeds the size of normally available copy paper, and is a complete copy of the document clearly readable to the average person. Plaintiffs request that each document that is reproduced by copy methods to satisfy this request, be produced on one page (one document per page), separate and apart from all other documents produced. If the copies reproduced to satisfy any request herein are not clearly readable, Plaintiffs request the originals be produced for purposes of viewing and copying by the Plaintiffs. The originals will be timely returned to the producing defendant.

**19. HMR:** As used herein, "HMR" means the "Hazardous Materials Regulation", Parts 170 through 179, found in the "Code of Federal Regulations", Title 49-Transportation, U.S. Department of Transportation, Subtitle B-other regulations relating to Transportation titled "The Hazardous Materials Regulations" in effect on the date of the accident in question, hereinafter referred to as "HMR Part 170, 171, 172, 173, 177, or 178. These rules have also been accepted by The State of Texas as set forth in definition "17" found herein.

## USE OF DEFINITIONS

The use of any particular gender in the plural or singular number of the words defined hereinabove is intended to include the appropriate gender or number as the text of any particular request for production of documents may require.

## REQUESTS FOR PRODUCTION

1.  A copy of the title to the vehicle that **Kimmieko Jiles** was driving at the time in question.

2.  Any and all photographs that Defendant has of the vehicle in question for the six months prior to and following the collision.

3.  A copy of any damage appraisal made of Defendant's vehicle.

4.  A copy of any repair invoice of Defendant's vehicle;

5.  Any and all drawings, maps or sketches of the scene of the accident that has been made the basis of this lawsuit.

6.  Any and all settlement agreements, wherein you have arrived at a settlement or agreement between you and any other person, whether or not a party to this lawsuit, regarding or pertaining to the incident made the basis of this lawsuit or any damages resulting therefrom.

7.  A copy of any surveillance videos, movies or photographs that have been made of Plaintiff.

8.  Any and all photographs that Defendant has of the vehicles involved in the collision in question.

9.  Any and all photographs that Defendant has of the scene of the accident or any other matter relating to this case.

10. A copy of any movies, videotape or other reproduction of the accident scene.

11. A copy of any survey or plat made of the accident scene.

12. A copy of any and all training procedures issued to drivers of the person or entity for whom **Kimmieko Jiles** was working at the time of the incident made the basis of this lawsuit.

13. Any and all copies of employment contracts, general leasing agreements as required by Section 376.11 of the Federal Motor Carrier Safety Regulations, or any other form of agreement entered into between **Kimmieko Jiles** with the person or entity that employed him at the time of the incident made the basis of this lawsuit for all or part of the calendar years 2011, 2012, 2013, 2014, and 2015.

14. A copy of the entire contents of the employment file of **Kimmieko Jiles** that was kept by the person or entity that employed him at the time of the incident made the basis of this lawsuit.

15. Any and all applications for employment with the person or entity that employed Defendant at the time of the incident made the basis of this lawsuit you regarding **Arthur Hamilton**as required by Section 391.21 of the Federal Motor Carrier Safety Regulations.

16.    Any and all copies and/or results of all investigations and inquires done by you regarding **Kimmieko Jiles** as required by Section 391.23 of the Federal Motor Carrier Safety Regulations.

17.    **Kimmieko Jiles** driver qualifications file as required by Section 391.51 of the Federal Carrier Safety Regulations.

18.    The annual review conducted by you of **Arthur Hamilton's** driving record for the years 2013, 2014, and 2015 as required by Section 391.25 of the Federal Motor Carrier Safety Regulations.

19.    Any records of violations of motor vehicle traffic laws and ordinances by **Kimmieko Jiles** while employed by the person or entity that employed him at the time of the incident made the basis of this lawsuit as required by Section 391.27 of the Federal Motor Carrier Safety Regulations.

20.    The tests and results of any road tests given to **Kimmieko Jiles** by the person or entity that employed him at the time f the incident made the basis of this lawsuit as required by Section 391.31 of the Federal Motor Carrier Safety Regulations.

21.    A copy of **Kimmieko Jiles'** certificate of driver's road test as required by Section 391.31 of the Federal Motor Carrier Safety Regulations.

22.    A copy of **Kimmieko Jiles'** Texas Commercial Driver's License as required by Section 391.33 of the Federal Motor Carrier Safety Regulations

23.    Copies of the results of any pre-employment test for controlled substances administered to **Kimmieko Jiles** by the person or entity that employed him at the time of the incident made the basis of this lawsuit as required by Sections 382.301 of the Federal Motor Safety Regulations.

24.    The results of any post-accident test for alcohol and/or controlled substances administered to **Kimmieko Jiles** after the accident made the basis of this lawsuit as required by Section 382.303 of the Federal Motor Carrier Safety Regulations.

25.    The results of any random alcohol and controlled substance testing administered to **Kimmieko Jiles** pursuant to Section 382.305 of Federal Motor Carrier Safety Regulations.

26.    The results of any random alcohol and controlled substance testing administered to **Kimmieko Jiles** because of reasonable suspicion pursuant to Section 382.307 of the Federal Motor Carrier Safety Regulations.

27.    All documents regarding **Kimmieko Jiles'** driving records of duty status including the graph grid for each of the seven (7) days prior to the accident on December 20, 2014, as required by Section 395.8 of the Federal Motor Carrier Safety Regulations.

28. All documents regarding the daily driver vehicle inspection reports for the two (2) weeks prior to and including the date of this accident as required by Section 396.11 of the Federal Motor Carrier Safety Regulations.

29. Any and all documents regarding the periodic inspections done on the vehicle involved in this accident which made the basis of this suit as required by Section 396.17 and 396.21 of the Federal Motor ?Carrier Safety Regulations.

30. Any and all document, including log books, lists, and records, that detail the type of cargo or load which was on the vehicle involved in the accident made the basis of this suit the day the accident occurred.

31. Any and all documents showing that the braking system installed on the truck driven by **Kimmieko Jiles** involved in the accident in question conforms with Sections 393.40 and .393.42 of the Federal Motor Carrier Safety Regulations.

32. Any driver regulations and/or standards produced by or adopted by **Kimmieko Jiles** as its own company regulations and/or standards.



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   August 26, 2015

Certified Document Number:        66322149 Total Pages:  10

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

CAUSE NO._____

| | | |
|---|---|---|
| Kimmieko Jiles | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| German Zenteno and | § | |
| Celadon Trucking Services, Inc. | § | _____ JUDICIAL DISTRICT |

### PLAINTIFFS' FIRST SET OF INTERROTATORIES TO DEFENDANT, CELADON TRUCKING SERVICES, INC.

TO:    Defendant, **Celadon Trucking Services, Inc.**and may be served with due process herein by serving its registered agent for service, National Corporate Research, Ltd., 800 Brazos, Suite 400, Austin, Texas 78701.

COMES NOW, **Kimmieko Jiles**, Plaintiff in the above entitled and number cause, and propounds the attached set of interrogatories to the Defendant, Celadon Trucking Services, Inc., and require that within thirty (30) days after service of these interrogatories upon Defendant, that such Defendant answer the same under oath, all as provided for under Rule 168 of the Texas Rules of Civil Procedure, to supplement these answers if you later obtained information upon which:

      a.    You or your attorney know your answer to one or more of the attached interrogatories was incorrect or incomplete when made or,

      b.    You or your attorney knows that your answer to one or more of the attached interrogatories is no longer true and complete, and the circumstances are such that a failure to amend is in substance misleading.

Your responses to these Interrogatories, as supplemented, may be offered into evidence at the trial of the above-styled and numbered cause.

In answering the following interrogatories, furnish such information as is available to you, your agents, your representatives, and unless privileged, your attorney, and not merely

7/22/2015 9:30:00 AM
Chris Daniel - District Clerk
Harris County
Envelope No: 6168980
By: FRANKLIN, KRYSTAL G
Filed: 7/22/2015 9:30:00 AM

such material as is in your own personal possession.   Should you deem any question privileged or otherwise excludible from discovery, then in addition to the information requested below, you are requested to state in detail the grounds on which the claim of privilege or other exclusion rests.

**DEFINITIONS**

As used in this set of Interrogatories, the following terms shall have the meanings described below, unless the context clearly indicates otherwise:

1.   "You" includes your agents, employees, insurance company, their agents, employees, your attorneys, investigators, and anyone less action on your or their behalf.

2.   "Anyone acting on your behalf includes your agents, employees, insurance companies, their agents, employees, your attorneys, investigators and consultants.

3.   "Persons" includes a natural persons, corporation, association, partnership, sole proprietorship or public entity.

4.   "Custodian" refers to the person having possession, custody, or control of any writing or physical evidence.

5.   "Writing" means any and all handwritten material, typewritten material, printed material, photocopies, photographs, and every other means of recording upon any tangible thing, together with any form of communication or any other representation which would constitute a writing within the meaning of the Texas Rules of Evidence.

6.    "Set forth and identification" or "identify" means to describe in writing with such particularity as you would require in a Motion to Produce or in a document description in a subpoena duces tecum.

7.    "This accident" or "this subject incident" or "the accident made the basis of this lawsuit" refers to the accident or the incident described in the complaint filed by Plaintiff unless the sentence indicates otherwise.

8.    "Your vehicle" or "this vehicle" refers to the vehicle of which you were the driver, owner, or occupant, that was involved in the accident or incident described in the complaint filed by Plaintiff.

9.    "Accident scene" or "accident site" refers to the geographic location where the accident or incident described in Plaintiff's complaint occurred.

10.    "Or" means and/or.

Respectfully submitted,

DeSimone Law Office

DONALD G. DeSIMONE
SBN 05776710
3120 S.W. Freeway, Suite 555
Houston, Texas 77098
(713)526-0900
(713)526-8041 – facsimile
**Attorney for Plaintiff**

## INSTRUCTIONS AND DEFINITIONS

1.  "You" and "Your" refer to Defendant, and its representatives and agents.

2.  "Identify," when used with respect to an individual, seeks the individual's name, last known home address, last known business address, social security number, if known, and place of employment.

3.  "Identify," when used with respect to a business, seeks the name of the business, street address of the business, telephone number of the business, and the identity of the individual who was your most significant contact at such business.

## PLAINTIFF'S FIRST SET OF INTERROGATORIES
## TO DEFENDANT, CELADON TRUCKING SERVICES, INC.

**INTERROGATORY NO. 1:**

Please identify each person answering these interrogatories on your behalf. Include in your answer each person who provided any information which was used in the compilation of these answers and explain each such person's contribution.

**ANSWER:**

**INTERROGATORY No. 2:**

Describe in detail how the occurrence made the basis of this lawsuit happened, stating all events relating to the occurrence in their sequential order, identifying all participants to the occurrence, and describing in detail any acts or omissions of the plaintiff that you allege contributed to the occurrence.

**ANSWER:**

**INTERROGATORY No. 3:**

If you claim that the conduct of the plaintiff, or any other person or entity, caused or contributed to cause the incident made the basis of this lawsuit or the plaintiffs injuries, please detail each and every such allegation.

**ANSWER:**

**INTERROGATORY NO. 4:**

Describe in detail any conversations, communications that you have had with the plaintiff or plaintiffs representative, or statements taken from the Plaintiff. For each such communication please state:

    a.     the date of each such statement;

    b.     the name and address of the person to whom each such statement was given;

    c.     the name and address of each person present at the time of each statement; and

    **d.**     the contents or substance of each such statement in complete detail.

**ANSWER:**

**INTERROGATORY No. 5:**

Describe your relationship with **Kimmieko Jiles** as it existed at the time of the collision made the basis of this suit and as it exists today. Your answer should include a statement of whether **Mr. Jiles** was employed by you, when he began his employment with you, whether **Mr. Jiles** was an independent contractor, whether the occasions in the past in which you had contracted with him and a complete description of any document that describes your relationship, i.e., employment agreement, independent contractor agreement, indemnity agreement, etc.

**ANSWER:**

**INTERROGATORY No. 6:**

Describe in detail the usual and customary hours that Defendant **Kimmieko Jiles** worked, including the days and times, for the period of time beginning one year before the collision made the basis of this suit and ending six months after the collision made the basis of this suit.

**ANSWER:**

**INTERROGATORY No. 7:**

If you have been a party to litigation filed by a person alleging damages for personal injuries or by a governmental entity during the last 10 years, identify the cause number, all parties, court, date of filing, resolution, and briefly describe the factual basis of all such claims.

**ANSWER:**

**INTERROGATORY No. 8:**

Identify all other persons who have made a claim against you arising out of the incident made the basis of Plaintiffs' Original Petition.

**ANSWER:**

**INTERROGATORY No. 9:**

Describe in detail all physical damage that your vehicle suffered in the collision made the basis of this suit. Your answer should include the cost of any repairs made or estimates of any repairs that could be made to your vehicle, and the identity(ies) of any person or entity that made such repairs to your vehicle.

**ANSWER:**

**INTERROGATORY NO. 10:**

Describe the manner in which you compensate your drivers i.e., by the hour, by the mile traveled, by the load, by commission, by straight salary, or explain any other method used) and any variations as to Defendant **Kimmieko Jiles'** pay for the load that was involved in the collision at issue.

**ANSWER:**

**INTERROGATORY NO. 11:**

State your policy with respect to retention and destruction of driver's logs and trip receipts and explain any differences between that policy and the manner in which the Defendant **Kimmieko Jiles'** logs and trip receipts for the trip in question were treated.

**ANSWER:**

**INTERROGATORY No. 12:**

State your policy with respect to the operational speeds for your truck and explain exactly how you enforce compliance.

**ANSWER:**

**INTERROGATORY No. 13:**

State your policy with respect to having your drivers report their accidents and explain what they are supposed to do with respect to helping persons who have been injured, protecting their equipment, making statements to the police, making statements to other persons involved in the accident, making statements to bystanders, and all other actions and inactions required.

**ANSWER:**

**INTERROGATORY No. 14:**

Identify each person who was employed by your company or contracted by your company both at the time of the accident in question and the time that these interrogatories are answered, who has knowledge of your company's safety policies and operations, investigation of the accident in question, maintenance and repair of the truck in question, movement of the truck and its loads, and maintenance of company records, including at least the following persons:

    a.      Safety Director

    b.      Director of Fleet Safety Program

    c.      Medical Review Officers

    d.      Director of Employee Assistance Program

    e.      Personnel Director

    f.      Dispatcher(s) who dispatched the rig from the time it left home base on the date of the collision until the time of the accident

    g.      Mechanic(s) who worked on the tractor and trailer for the six months preceding the accident

h.      **Kimmieko Jiles'** immediate supervisor

i.      Person(s) who administered both the driving test and the written test as required by the Federal Motor Carrier Regulations, 49 C.F.R. § 39131 and 391.35 to Defendant **Kimmieko Jiles.**

j.      Other persons on board the rig in question at the time of the accident

k.      Insurance loss control expert from any carriers insurance company who has inspected your operations

l.      President

m.      Chairman of the Board

n.      Chief Executive Officer

o.      Officer or official in charge of operational safety

p.      Person(s) who investigate the accident in question for you.

**ANSWER:**

**INTERROGATORY No. 15:**

With respect to the rig involved in the accident, give its complete configuration including at least the following information).

a.      style of cab

b.      weight of tractor

c.      empty weight of tractor

d.      what the load was at the time of the accident

e.      the weight of the load at the time of the accident

f.      length, width, and height of the tractor in

g.      question length, width, and height of the trailer in

h.      question licenses held by the tractor

i.      licenses held by the trailer

j.      the make and model of the cab

k.      the make, model and horsepower of the

l.      engine the make model and gear ratio of the m.

        rear end the make and model of transmission

n.      the make, model and type of axles

o.      the speed potential of the rig *as* configured

p.      the make and model of the trailer

q.      the maximum weight recommended to be carried in the trailer by the manufacturer

r.      the make(s), model(s), and type(s) of all the brakes located on the rig

s.      the make and model of the fifth wheel

t.      the makes and sizes of all the tires and mileage on the steering tires

u.      all changes from the original configuration (with an explanation as to why each change was implemented)

v.      identity, including address, of the person or entity from whom the rig was purchased

w.      make and model of governor on the tractor, as well as speed at which governor is set to regulate

x.      the make and model of each of the following that may have been on board the tractor in question at the time of the accident:

        1.      radar detector
        2.      fax machine
        3.      telephone
        4.      beeper
        5.      tachometer
        6.      computer
        7.      sound system

**ANSWER:**

THE STATE OF TEXAS          §
                            §
COUNTY OF HARRIS            §


BEFORE ME, the undersigned authority on this day personally appeared **Celadon Trucking Services, Inc.**, known to me to be the person whose name is subscribed to the foregoing Answers to Interrogatories and after having been duly sworn, stated under oath that he is the Defendant in the above captioned case, that he has read the foregoing Answers to Interrogatories and that they are true and correct.


                                                          **Celadon Trucking Services, Inc.**


SWORN TO AND SUBSCRIBED before me by the said **Celadon Trucking Services, Inc.**on this the _____ day of _____, 2015.


                                            Notary Public in and for the State of Texas



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   August 26, 2015

Certified Document Number:        66322150 Total Pages:  11

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**